689 A.2d 267

COMMONWEALTH of Pennsylvania, Appellee,

v.

Jules ZACHER, Esquire, Appellant.

Superior Court of Pennsylvania.

Argued Nov. 20, 1996.

Filed Jan. 14, 1997.

Reargument Denied March 21, 1997.

David M. McGlaughlin, Philadelphia, for appellant.

Thomas D. Schneider, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before McEWEN, P.J., and POPOVICH and HOFFMAN, JJ.

POPOVICH, Judge:

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County following appellant's conviction on the charge of direct criminal contempt.[1] Appellant's sole contention is that the evidence was insufficient as a matter of law to sustain his conviction. We affirm.

The relevant facts of this case are not in dispute and they are as follows: Appellant was the court-appointed attorney for criminal defendant Dana Dickerson. Following a pre-trial conference attended by appellant, Dickerson's case was listed for trial to commence on September 5, 1995. However, due to the transfer of the Criminal Trial Division of the Philadelphia Court of Common Pleas to a new building, the Criminal Justice Center (CJC), no courtroom activity occurred during the week of September 4, 1995. Consequently, Dickerson's case was relisted for trial to commence on October 10, 1995. By court memorandum dated July 21, 1995, appellant was informed of his client's new trial date.

During the morning hours of October 10, 1995, appellant contacted court personnel and was informed that the bus used to transport defendants would not arrive at the CJC until approximately 10:30 a.m. At approximately 11:00 a.m, court personnel contacted appellant to inform him that his client had not been transported to the CJC but that Dickerson's case had been called by the court. Appellant immediately left his office and arrived at the CJC shortly after 11:00 a.m. Upon arrival, appellant requested orally that he be permitted to withdraw his representation. Appellant explained that he had numerous cases pending and that he was unable to "handle" Dickerson's case. Upon being questioned, appellant admitted that even though it was the day of trial, he had never met with his client, he had never informed his client of his plans to withdraw and he had never provided the trial court with any advance notice

---

1. 42 Pa.C.S.A. § 4132(2).

of his plans to withdraw. Appellant also admitted that he was not prepared to proceed with his client's trial. The trial court then asked appellant if he would be prepared to proceed to trial on October 12, 1995. Appellant responded negatively. The trial court then scheduled a hearing for October 12, 1995, to hear arguments regarding appellant's request to withdraw.

On October 12, 1995, appellant and the Commonwealth's attorney appeared before the trial court. Following a hearing, the trial court granted appellant's request to withdraw his representation of Dickerson but then found him to be in direct criminal contempt. The trial court fined appellant $500 and informed him that he would be reported to the Pennsylvania Disciplinary Board. Appellant later retained counsel, who filed a motion for reconsideration. Following a hearing held on October 24, 1995, the trial court denied appellant's motion for reconsideration and reimposed the finding of direct criminal contempt.[2] This appeal followed.

Appellant was convicted of direct criminal contempt pursuant to 42 Pa.C.S.A. § 4132(2).[3] Section 4132(2) provides that courts may inflict summary criminal contempt for "[d]isobedience or neglect by officers, parties, jurors or witnesses of or to the lawful process of the court." The appellate courts of this Commonwealth have interpreted this Section as requiring the following four elements to support a finding of criminal contempt for "disobedience or neglect":

(1) The [court's] order or decree must be definite, clear, specific and leave no doubt or uncertainty in the mind of the person to whom it was addressed of the conduct prohibited;

(2) The contemnor must have had notice of the specific order or decree;

(3) The act constituting the violation must have been volitional; and

(4) The contemnor must have acted with wrongful intent.

2. Appellant was fined $100 plus court costs.

3. Our standard of review in this case is whether the trial court abused its discretion in finding appellant in direct criminal contempt. *Commonwealth v. Marcone*, 487 Pa. 572, 410 A.2d 759 (1980).

*Fenstamaker v. Fenstamaker,* 337 Pa.Super. 410, 487 A.2d 11, 14 (1985) (citations omitted).

Here, the trial court provided three reasons for holding appellant in criminal contempt: (1) he was tardy on the day of trial, (2) he requested that he be permitted to withdraw his representation of Dickerson on the day of trial, and (3) he was unprepared to try the case on the day of trial or anytime shortly thereafter. Appellant argues that none of these reasons were adequate because the four essential elements of the aforementioned test were not met beyond a reasonable doubt. *Fenstamaker,* 337 Pa.Super. 410, 487 A.2d at 14 ("[A] conviction for criminal contempt requires proof beyond a reasonable doubt."). We agree with appellant that neither his tardiness nor his request to withdraw his representation warranted a finding of contempt. However, we disagree with appellant's assertion that his total lack of preparation for trial was an insufficient basis for the finding of contempt.

The first reason provided by the trial court for imposing criminal contempt was that appellant was tardy on the day of trial. It is undisputed that when Dickerson's case was called to trial on October 10, 1995, appellant was not present in the courtroom and that he did not appear until court personnel contacted him. However, we find that it has not been proven that appellant's tardiness was an "intentional or willful disregard of the lawful process of the court." *Ricci v. Geary,* 447 Pa.Super. 609, 670 A.2d 190, 192 (1996) (citations omitted). "When an attorney fails to appear or appears late for a court proceeding set by court order, there must be a showing that the failure to show or appear tardy was intentional." *McCusker v. McCusker,* 428 Pa.Super. 506, 631 A.2d 645, 649 (1993) (citation omitted). This Court has held that to prove that an attorney's tardiness was intentional, it is sufficient to show that he acted with reckless disregard for such tardiness. *McCusker, supra.*

■ Appellant testified that the reason he was tardy on October 10, 1995, was because of an "oversight." The trial court never asked appellant to elaborate on this issue, and,

consequently, appellant never explained the precise nature of this "oversight." Based on the evidence presented, we cannot find that it was proven beyond a reasonable doubt that appellant acted volitionally with a wrongful intent when he was tardy on October 10, 1995. There is no evidence that appellant consciously and deliberately failed to appear for court on time. In fact, the surrounding circumstances tend to prove that appellant "lost track of time" and was late for court inadvertently. Such inadvertence is not the equivalent of intent. *Medve v. Walakovits,* 305 Pa.Super. 75, 451 A.2d 249 (1982).

In holding appellant in contempt for his tardiness, the trial court relied on our decision in *Medve, supra,* for the proposition that appellant's tardiness due to an "oversight" amounted to an intentional act. However, the facts in *Medve* are clearly distinguishable from this case. In *Medve,* appellant was fifteen minutes late for a pre-trial settlement conference. When questioned regarding his tardiness, appellant informed the court that he was tardy due to an "oversight." However, when asked to elaborate, appellant revealed that he deliberately decided to attend to other matters instead of arriving on time for the conference. As discussed previously, in this case, there is no indication that appellant's tardiness resulted from any deliberate, conscious act. Appellant's mere tardiness is not sufficient for a finding of contempt. Accordingly, criminal contempt was unwarranted on this basis.[4]

■ The next reason cited by the trial court for imposing criminal contempt was that appellant requested permission to withdraw his representation on the day of trial. We fail to see, and the trial court has failed to explain, precisely which court order or decree appellant violated by making this re-

4. We are not insensitive to the delay and inconvenience which appellant's tardiness caused to the court ... Neither are we unaware of the great need for courteous courtroom decorum which insures fair and orderly trials. However, appellate courts have consistently overturned convictions of attorneys held in contempt for lateness where there was not a showing of intent.
*In re James,* 307 Pa.Super. 570, 453 A.2d 1033, 1035 (1982) (citation omitted).

quest. It simply has not been shown that when appellant requested permission to withdraw his representation he violated a court order or decree directed to him. Accordingly, criminal contempt was unwarranted on this basis.[5] *See Fenstamaker, supra* (no order, decree or subpoena was directed to appellant, and, therefore, he could not be punished for direct criminal contempt).

The trial court's final reason for holding appellant in criminal contempt was that he appeared unprepared for trial on October 10, 1995, and indicated that he would not be prepared to proceed to trial on October 12, 1995. The record reveals that on July 21, 1995, appellant was informed in writing that his client's trial was to commence on October 10, 1995. Appellant does not dispute that this order was issued to him or that he was aware of the order. However, he argues that he substantially complied with this order by appearing in court on October 10, 1995, and October 12, 1995. The essence of appellant's argument is that he did not violate the trial court's order when he "merely" appeared unprepared.[6] Appellant

5. We note that we certainly do not condone appellant's "eleventh hour" oral request to withdraw his representation. However, in this case, such a request does not support a finding of criminal contempt under Section 4132(2).

6. In his appellate brief, appellant contends that he was prepared for Dickerson's case on the day of trial. In support of his argument, appellant points to his October 24, 1995, testimony wherein he described the acts of preparation he had made for the trial. However, it is clear from the trial court's opinion that the trial court found credible appellant's earlier testimony that he was unprepared for the trial and disbelieved appellant's October 24, 1995, testimony regarding the preparations he had made. Trial Court Opinion dated 2/13/1996 p. 6. On October 10, 1995, appellant specifically testified that he was not prepared for trial and that he was not prepared to proceed. When questioned whether he would be prepared to proceed on October 12, 1995, appellant answered negatively. Moreover, the record reveals that prior to October 10, 1995, appellant never met with his client nor did he even apprise himself of the charges brought against his client. Accordingly, it appears from the record, and the trial court so found, that appellant failed to prepare in any manner for his client's trial. Since credibility determinations are a matter for the trial court, and since the trial court's finding is supported by the record, we will not reverse the trial court's finding that appellant was unprepared to proceed to trial on October 10, 1995, or on October 12, 1995. *Commonwealth v. Griscavage*, 512 Pa. 540, 517 A.2d 1256 (1986).

Brief p. 9. Appellant also argues that even if this Court determines that he failed to comply with the trial court's order by appearing unprepared, a finding of contempt is precluded by the fact that his unpreparedness did not cause any delay and the trial court's granting of his motion to withdraw. We disagree.

 It is well-established that "deliberate tardiness or absence from a scheduled court proceeding, if established, falls within the purview of the prohibition set forth under [42 Pa.C.S.A. § 4132(2) ]." *Commonwealth v. Marcone*, 487 Pa. 572, 410 A.2d 759, 764 (1980). *See Ricci, supra; McCusker, supra*. However, prior case law is not dispositive in determining whether counsel violates Section 4132(2) when he deliberately appears unprepared for a scheduled court proceeding. This question has not been presented heretofore. In any event, we now hold that when counsel deliberately appears unprepared for a scheduled court proceeding, his actions fall within the purview of Section 4132(2). We find support for our conclusion in *Marcone, supra*. In *Marcone*, our supreme court noted that "[w]here counsel has entered an appearance and accepted the responsibility for the representation of the client, it is an essential part of that obligation to appear, prepared to proceed in all proceedings related to the matter, for which he has received adequate notice." *Marcone*, 410 A.2d at 765 (citation omitted). Likewise, we find that when the trial court directs that counsel's client's case is to commence on a certain date, an essential part of this directive is that counsel will not only appear but that he will appear prepared to proceed with the case. Therefore, just as counsel can be found in contempt for being tardy or absent for a scheduled court proceeding, so too can he be found in contempt for appearing unprepared to proceed. We adopt this conclusion because the consequences of not doing so are unsatisfactory. As the Commonwealth argues on behalf of the trial judge, permitting counsel to appear in court without any preparation turns his "compliance" with the court's order into a "meaningless charade." Commonwealth Brief. p. 14. Moreover, by failing to hold an attorney in contempt for appearing

unprepared, "legitimate interests of the courts to their dignity and efficient operation of their court calendars would have no protection." *Medve*, 451 A.2d at 252. Having found that there was a specific order directed to appellant, that he was aware of this order, and that he failed to comply with this order when he appeared unprepared to proceed, we must determine whether his noncompliance was volitional and done with a wrongful intent.

In *United States v. Seale*, 461 F.2d 345, 368 (7th Cir. 1972), the court thoroughly examined the need for proof of the element of intent, and found that the minimum intent required to prove contempt is 'a volitional act done by one who knows or should reasonably be aware that his conduct is wrongful.'

However, this Court has established that direct (as well as subjective) intent is not necessary where a reckless disregard for the directions of the court can be proven. *McCusker*, 631 A.2d at 645 (citations omitted).

 Appellant stated numerous reasons for his failure to prepare for trial. Specifically, he informed the trial court that he did not prepare for Dickerson's case because (1) he was no longer interested in practicing criminal law, (2) his civil case load had increased dramatically, and, as a result thereof, he could not "handle" Dickerson's case, and (3) he assumed that the trial court would permit him to withdraw his representation on the day of trial. N.T. 10/10/1995 p. 2; 10/24/1995 p. 9. From this testimony, it is clear that appellant deliberately and consciously decided not to prepare for Dickerson's case. Once appellant decided that he was not going to prepare for the case, his behavior was such that he acted with a substantial certainty that the case would be delayed or with a reckless disregard of this result. *See McCusker, supra.* Appellant argues that he did not have the requisite wrongful intent because he did not intend to interfere with the lawful process of the court by delaying Dickerson's trial. However, we find that such "an admission ... is superfluous because appellant can be held, as a matter of law, to have intended the natural consequences of his acts." *Medve*, 451 A.2d at 251. In this

case, the natural consequence of appellant's lack of preparation was that Dickerson's case would be delayed, thereby violating the trial court's order that the case would commence on October 10, 1995. A subjective intent to interfere with the lawful process of the trial court is not a requisite element of criminal contempt. *See Commonwealth v. Falkenhan,* 306 Pa.Super. 330, 452 A.2d 750 (1982).

■ Appellant further argues that he cannot be found in contempt because his unpreparedness caused no actual delay or hindering of the administration of justice. Specifically, he argues that the delay in this case was attributable to the sheriff who failed to transport Dickerson to the CJC on October 10, 1995, or on October 12, 1995. Since his client was not available for trial, appellant argues that his unpreparedness was irrelevant. We disagree.

In *Weingrad v. Lippy,* 300 Pa.Super. 76, 445 A.2d 1306 (1982), appellant argued that no delay resulted from his failure to file his points for charge on time since the trial court did not charge the jury until the day after the points were due. In dicta, we explained that even though no delay resulted from appellant's actions, in the interest of judicial economy and efficiency, the trial judge properly directed that the points of charge be delivered to his office at a specific time. *Weingrad,* 445 A.2d at 1308. The deliberate failure to follow this order was an affront to the court's dignity, and the fact that no delay was attributable to appellant's action did not preclude a finding of contempt. Such is the case here.[7]

■ Appellant's final argument is that the trial court's granting of his request to withdraw precludes a finding of

---

7. 42 Pa.C.S.A. § 4132(3) provides that contempt is warranted where the misbehavior of any person in the presence of the court obstructs the administration of justice. The appellate courts have interpreted this Section as requiring (1) misconduct, (2) in the presence of the court, (3) committed with intent to obstruct the proceedings, which (4) *obstructs the administration of justice. Commonwealth v. Owens,* 496 Pa. 16, 436 A.2d 129 (1981). Under Section 4132(3), a necessary element of criminal contempt is that the contemnor's misconduct actually obstruct the administration of justice. There is no such requirement for criminal contempt under Section 4132(2). *See Weingrad, supra.*

criminal contempt. Essentially, appellant argues that because the trial court granted his request to withdraw this Court cannot find that he interfered with the lawful process of the court. We find this argument to be specious. The trial court granted appellant's request to withdraw because it believed that he would not represent Dickerson competently. A major component of this belief was appellant's total lack of preparation. N.T. 10/12/1995 p. 6. By granting appellant's request to withdraw, the trial court was acting in the interest of judicial fairness and out of concern for appellant's client's rights. Appellant should not be rewarded now for his unpreparedness on the basis that the trial court granted his request to withdraw in order to minimize the harm caused by his actions. Accordingly, we find that contempt was warranted and we affirm the judgment of sentence.

Affirmed.