COMMONWEALTH of Pennsylvania,
Appellee,

v.

Jeffrey KOLANSKY, Esq., Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 28, 2002.
Filed May 14, 2002.
Reargument Denied June 24, 2002.

Jeffrey M. Kolansky, Philadelphia, appellant, in propria personna.

Catherine L. Marshall, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before: ORIE MELVIN, J., CERCONE, P.J.E., and CAVANAUGH, J.

ORIE MELVIN, J.

¶ 1 Appellant, Jeffrey M. Kolansky, Esq., appeals from the judgment of sentence entered in the Municipal Court of Philadelphia County adjudicating him in contempt of court and directing that he pay a fine in the amount of $1500.00.[1] After careful review, we are constrained to reverse.

¶ 2 The basic facts are as follows. Appellant is a defense attorney practicing in Philadelphia, Pennsylvania. In May of 2001, Appellant represented a man who was charged with two counts of homicide by vehicle and related offenses. The case was scheduled to proceed to trial on May 14, 2001. On May 9, 2001, Appellant sent the trial court a letter via facsimile stating that he would not be able to proceed with the criminal case on May 14, 2001 because he was representing another client in a civil case scheduled for trial in the Court of Common Pleas on the same date. The Commonwealth did not oppose the continuance. The trial court granted Appellant's continuance and scheduled the case for trial on May 16, 2001. On May 15, 2001, Appellant filed a written motion to continue. On May 16, 2001, Appellant appeared before the trial court and requested an additional continuance until he could secure two expert witnesses, an accident reconstructionist and a liver specialist. Also, Appellant asserted that he was not prepared to proceed because he had been continuously in trial since January of 2001. He also informed the court that he had not yet received certain FBI investigation reports from the Commonwealth. He further stated that the Commonwealth recently informed him that there was no possibility of a non-trial disposition.

¶ 3 The trial judge noted that Appellant knew the case was scheduled for trial on that day. Accordingly, he fined Appellant $1500.00 and continued the case until November 13, 2001. Appellant then filed this timely appeal.

¶ 4 On appeal, Appellant raises the following issues for our review:

1. Whether the lower court violated appellant's right to due process of law when it summarily found him guilty of direct criminal contempt by holding an impromptu hearing without first providing appellant with, *inter alia,* warning that the court believed his conduct to be contumacious; without providing appellant with notice that the court was charging him with criminal contempt; without providing appellant with prior notice that the court was conducting such a contempt hearing; without affording appellant with an opportunity to retain counsel and properly prepare a

---

1. We note that although Appellant's sentence was filed at Philadelphia Municipal Court No. 01–05–1198, is was entered by a Court of Common Pleas Judge as part of a proceeding incident to a criminal case in the Court of Common Pleas of Philadelphia County. As this Order was entered by a Court of Common Pleas judge, we will address the claims set forth in Appellant's appeal. *See* 42 Pa.C.S.A. § 742.

defense to all charges; and without advising appellant of his rights post-sentence. [sic].

2. Whether the lower court's summary finding that appellant was guilty beyond a reasonable doubt of direct criminal contempt was supported by the evidence when appellant clearly demonstrated no willful intent to impede the "lawful process of the court." [sic].

Appellant's brief at 4.[2]

■ ¶ 5 Initially, we note that "[w]hen reviewing a contempt conviction, much reliance is given to the discretion of the trial judge. Accordingly, we are confined to a determination of whether the facts support the trial court decision." *Williams v. Williams,* 452 Pa.Super. 52, 681 A.2d 181, 183 (1996), *affirmed,* 554 Pa. 465, 721 A.2d 1072 (1998). We will reverse a trial court's determination only when there has been a plain abuse of discretion. *Ricci v. Geary,* 447 Pa.Super. 609, 670 A.2d 190, 191 (1996) (citation omitted). A court's power to impose a summary punishment for contempt is set forth in 42 Pa.C.S.A. § 4132, which provides as follows:

### § 4132 Attachment and summary punishment for contempts

The power of the several courts of this Commonwealth to issue attachments and to impose summary punishments for contempts of court shall be restricted to the following cases:

(1) The official misconduct of the officers of such courts respectively.

(2) Disobedience or neglect by officers, parties, jurors or witnesses of or to the lawful process of the court.

(3) The misbehavior of any person in the presence of the court, thereby obstructing the administration of justice.

42 Pa.C.S.A. § 4132. The ability to utilize the sanction of criminal contempt allows the trial court to maintain control in his or her courtroom; however, a trial court should not use this sanction when a lesser means would suffice. *Commonwealth v. Jones,* 700 A.2d 1008, 1013 (Pa.Super.1997) (citation omitted).[3]

■ ¶ 6 Here, the trial court opines that it specifically found Appellant to be in criminal contempt pursuant to 42 Pa. C.S.A. § 4132(2). A finding of contempt pursuant to this subsection must be supported by the following four elements:

(1) The [court's] order or decree must be definite, clear, specific and

---

**2.** The Commonwealth has not filed an advocate's brief in this matter despite their obligation to do so. *See* 16 P.S. § 1402(a). Instead, they have submitted a two-page letter brief in which they attempt to shift their responsibility to the Administrative Office of the Pennsylvania Courts (AOPC). We have reviewed the cases they cite and find no authority for such practice. The AOPC did not participate in the cases cited. In the present case, the trial judge is not charged with any wrongdoing whatsoever and he is not a party to the case anymore than any other judge in a criminal matter. Direct criminal contempt is a crime against the Commonwealth in that Appellant's behavior is alleged to have been disruptive to the orderly business of the court. Simply put, Appellant is appealing the trial court's decision and seeks our review on the merits. However, despite the Commonwealth's dereliction in its duty, we decline to remand for an advocate's brief because our meaningful review is not hampered based on our review of the record, including the trial court's comprehensive opinion.

**3.** In this case, Appellant was found in direct criminal contempt. Furthermore, we recognize a contempt sanction is criminal in nature when the trial court's main purpose is to punish the contemnor for disobedience of the court's order. *See Diamond v. Diamond,* 715 A.2d 1190, 1194 (Pa.Super.1998) (citation omitted).

leave no doubt or uncertainty in the mind of the person to whom it was addressed of the conduct prohibited;

(2) The contemnor must have had notice of the specific order or decree;

(3) The act constituting the violation must have been volitional; and

(4) The contemnor must have acted with wrongful intent.

*Fenstamaker v. Fenstamaker*, 337 Pa.Super. 410, 487 A.2d 11, 14 (1985) (citations omitted). Further, "unless the evidence establishes an intentional disobedience or an intentional neglect of the lawful process of the court, no contempt has been proven." *Commonwealth v. Pruitt*, 764 A.2d 569, 574 (Pa.Super.2000) (quoting *Ricci v. Geary*, 447 Pa.Super. 609, 670 A.2d 190, 192 (1996)). Moreover, a conviction for criminal contempt requires proof beyond a reasonable doubt. *Fenstamaker*, 487 A.2d at 14 (citation omitted).

¶ 7 The trial court relies on *Commonwealth v. Marcone*, 487 Pa. 572, 410 A.2d 759 (1980), for its conclusion that Appellant's conduct constituted disobedience or neglect. In that case, an attorney was found to be in contempt and was fined $400.00 because he failed to appear on time for the call of the weekly trial list. On appeal, he argued his conduct was not contumacious because he had been negotiating to have one of his client's cases disposed of through an accelerated rehabilitative disposition program and was at his office waiting for opposing counsel to arrive. The attorney had made no effort to contact the judge between 9:00 a.m., the time he was directed to appear, and the end of the call of the list. Our Supreme Court determined that by not arriving in court on time, the attorney made a deliberate choice not to appear as directed. *Marcone*, 487 Pa. at 584–85, 410 A.2d at 766. The Supreme Court noted that as the attorney had notice of the time he was to appear, and the attorney's office was across the street from the courthouse, the attorney could have easily appeared in court for the proceeding and then asked for permission to await the arrival of opposing counsel at his office. *Id.* at 585, 410 A.2d at 766. The Supreme Court further noted that the attorney had a record of ignoring the trial court's directives and had previously been disciplined for failing to attend the call of the list. *Id.* Accordingly, the Supreme Court determined that he acted with wrongful intent. *Id.*

¶ 8 Also, in *Commonwealth v. Zacher*, 455 Pa.Super. 594, 689 A.2d 267 (1997), *appeal denied*, 550 Pa. 706, 705 A.2d 1309 (1997), the Court affirmed the trial court's finding of direct criminal contempt. In that case, the defendant was the court-appointed attorney for a criminal defendant. The case was scheduled for trial on September 5, 1995; however, because of the transfer of the criminal trial division in Philadelphia to a new building, no cases were heard that week. The client's case was relisted for trial on October 10, 1995. On that day, the attorney was informed that his client would not be transported to the courthouse until 10:30 a.m. Court personnel informed the attorney at approximately 11:00 a.m. that his client had not been transported to the courthouse, but the case had been called for trial by the court. The attorney immediately went to the courthouse and requested permission to withdraw from the case, asserting that he was too busy to handle his client's case. He admitted that he had never met with his client, that he had never informed his client of his desire to withdraw, and that he had not provided the trial court with his desire to withdraw. He also stated that he was not prepared to go to trial. A hearing was scheduled for October 12, 1995 concerning the request to withdraw.

¶ 9 After a hearing on the matter, the trial court granted the attorney's request to withdraw, found him to be in direct criminal contempt, and ordered him to pay a fine of $500.00. The attorney then retained counsel and filed a motion for reconsideration. The trial court denied the motion.

¶ 10 Upon review, this Court determined that the attorney's actions in being tardy did not meet the requisite standard for a finding of contempt because there was no proof that the attorney had intentionally or willfully disregarded the process of the court. *Id.* at 269. Further, we concluded that the contempt sanction against the attorney for requesting to withdraw representation of his client was unwarranted, as it was not demonstrated that the attorney's request was a violation of a court order or decree. *Id.* at 270. However, we determined that the attorney could be found in contempt for failing to be prepared to proceed with his client's case. *Id.* at 270–72. We noted that the record revealed that the attorney was informed on July 21, 1995 that his client's trial was to commence on October 10, 1995. We further noted that the attorney did not dispute that he was aware trial was to commence on October 10, 1995. We determined that the attorney was properly held in contempt for failing to be prepared to proceed with a case at the scheduled time for trial. Specifically, we held: "when counsel deliberately appears unprepared for a scheduled court proceeding, his actions fall within the purview of Section 4132(2)." *Id.* at 270. We further opined, "when the trial court directs that counsel's client's case is to commence on a certain date, an essential part of this directive is that counsel will not only appear but that he will appear prepared to proceed with the case." *Id.* at 271.

¶ 11 Next, we addressed whether the attorney's noncompliance was a volitional act done with wrongful intent. The attorney's reasons for not being prepared were that he was no longer interested in practicing criminal law, he could not handle his client's case because of the dramatic increase in his civil case load, and because he assumed the trial court would allow him to withdraw from the case. We determined that the statements revealed that the attorney deliberately decided not to prepare for trial. *Id.* at 271. We further concluded that the attorney "acted with a substantial certainty that the case would be delayed or with reckless disregard of this result." *Id.* at 271. Accordingly, we upheld the attorney's contempt conviction for deliberately failing to prepare his client's case so that it could proceed as scheduled.

¶ 12 Here, Appellant does not assert that he was unaware that his client's case was scheduled for trial on May 16, 2001. He contends that he was unable to proceed on the date set for trial because he had not yet secured expert witnesses as he had just recently found out that the Commonwealth was not amenable to a non-trial disposition of the matter. Further, he asserts that his caseload was unusually large due to a complex civil trial. Also, Appellant argues that he was unable to proceed because he had not yet received discovery in the nature of investigation reports.

¶ 13 We find the circumstances in this case are not analogous to the factual scenarios presented in *Marcone* and *Zacher*. Appellant did not fail to prepare his client's case because he believed the trial judge would allow him to withdraw or because he no longer wished to practice criminal law, as was the case in *Zacher*. Further, unlike in *Marcone*, Appellant made efforts to notify the trial court in advance that he would not be able to proceed with the case on May 14, 2001, the

day it was originally scheduled for trial. He sent a letter dated May 9, 2001 to the trial court requesting a continuance of his client's trial. Further, after the case was rescheduled for trial on May 16, 2001, Appellant filed a motion to continue. Moreover, Appellant informed the trial judge that he was still awaiting discovery from the Commonwealth concerning an FBI investigation of the incident. As this discovery could have included potentially exculpatory evidence, it was in his client's interest to request a continuance until he received the investigation reports. As such, we cannot conclude that it has been demonstrated that Appellant deliberately and consciously decided not to prepare Appellant's case.

 ¶ 14 We sympathize with the trial court's frustration in dealing with an attorney who is not prepared to proceed to trial on the date the case is scheduled for trial. We further recognize the importance of the trial court's ability to issue a criminal contempt citation, as this sanction "gives credence to a judge's status as commander in chief over his or her courtroom." *Commonwealth v. Jones*, 700 A.2d 1008, 1013 (Pa.Super.1997) (quoting *Commonwealth v. Martorano*, 387 Pa.Super. 79, 563 A.2d 1193, 1200 (1989)). Moreover, we stress that "counsel is prohibited from accepting a caseload beyond his ability to provide adequate management and supervision." *Marcone*, 410 A.2d at 766. In this case, however, we find the trial court abused its discretion in finding the elements of dis-

obedience or neglect had been met beyond a reasonable doubt.[4]

¶ 15 Accordingly, based upon the foregoing, we reverse. As we reverse on the basis that the trial court abused its discretion in finding Appellant was disobedient or neglectful beyond a reasonable doubt, we need not address Appellant's contention that he was denied due process of law.[5]

¶ 16 Judgment of sentence reversed.

---

**4.** During the colloquy held on May 16, 2001, the trial judge noted that he was disturbed by some "undercurrents" involving the underlying case. However, the record does not reveal the nature of these "undercurrents."

**5.** We note that "[a] contemnor is entitled to the essential procedural safeguards inherent in criminal proceedings when faced with summary punishment for criminal contempt."

*Commonwealth v. Pruitt*, 764 A.2d 569, 576 (Pa.Super.2000) (citing *Commonwealth v. Brown*, 424 Pa.Super. 333, 622 A.2d 946, 949 (1993)). Due process mandates that a contemnor be afforded notice such that he or she may prepare a defense. *Id.* A warning given by a judge to an individual that his or her behavior was contumacious may constitute notice. *Id.* (citation omitted).