J. A20015/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JAMES WILLIAMS, | : | No. 6 EDA 2013 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, December 11, 2012,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. MC-51-MD-0003529-2012

BEFORE:  FORD ELLIOTT, P.J.E., MUNDY AND MUSMANNO, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED DECEMBER 11, 2014**

James Williams, appellant, appeals from the judgment of sentence entered on December 11, 2012, following his conviction for indirect criminal contempt, 42 Pa.C.S.A. § 4132(2).  We are constrained to vacate appellant's conviction, as the evidence was insufficient to support the conviction under this subsection.

On December 6, 2012, a preliminary hearing was being held in the matter of ***Commonwealth v. Stegall***,[1] MC-51-CR-0029232-2012, before the Honorable Dawn Segal of the Philadelphia Municipal Court.  Appellant was seated in the gallery and present during the hearing.

---

[1] The parties, the trial court, and the notes of testimony from the December 11, 2012 hearing all spell this defendant's name differently; we use the spelling provided in the notes of testimony from Stegall's hearing on December 6, 2012, which is included in the certified record.

Officer George Fox ("Officer Fox") was on the witness stand testifying about Stegall's attempts to run him into a pole and kill him; the officer had been seriously injured. Officer Fox observed appellant lift a cell phone, raise it to eye level, and point it at the officer. Officer Fox yelled, "he's videotaping me." (Notes of testimony, 12/11/12 at 22.) The proceedings were disrupted and testimony was halted; and after several demands, appellant was removed from the courtroom, and his cell phone was confiscated.

A contempt hearing commenced on December 10, 2012; however, appellant arrived over an hour late and was without representation. The court appointed counsel to represent him and continued the hearing to the following day. At the December 11, 2012 hearing, Officer Fox testified along with Officers Dennard Sherard and Joseph Birke.

Officer Fox recounted the incident and described his observations. Officer Fox explained that Stegall had tried to kill him and Williams' actions caused him concern; he feared for his safety and the safety of his family. (*Id.* at 23.) He also testified to his concerns that the juvenile witness in the *Stegall* case could also be a victim of intimidation if such an attempt was made to intimidate a police officer. (*Id.* at 23-24.) Officers Sherard and Birke testified that they observed the incident and appellant ignored the request to hand over the phone. (*Id.* at 33, 36-37; 49-50.) The Commonwealth introduced the cell phone into evidence and rested;

however, the prosecutor announced he was not going to get a search warrant to obtain the contents of the phone. (*Id.* at 52.)

Judge Segal found appellant guilty of indirect criminal contempt under 42 Pa.C.S.A. § 4132(2). (Docket #1.) Appellant was sentence to 30 days to 5 months, 29 days. A timely notice of appeal was filed on December 27, 2012. Appellant complied with the trial court's order to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A., and the trial court filed an opinion on February 8, 2013. Subsequently, a panel of this court granted appellant's request to remand to file an amended statement of errors. Counsel timely complied and the trial court has filed a supplemental opinion on October 28, 2013.

The sole issue presented is whether the evidence was insufficient to support a conviction of indirect criminal contempt under 42 Pa.C.S.A. § 4132(2). Our standard of review of a contempt order is as follows:

> A trial court's finding of contempt will not be disturbed absent an abuse of discretion. *Commonwealth v. Baker*, 564 Pa. 192, 198, 766 A.2d 328, 331 (2001). An appellate court cannot find an abuse of discretion merely for an error of judgment unless, in reaching a conclusion, the trial court overrides or misapplies the law or its judgment is manifestly unreasonable. *Id.*

*Commonwealth v. Ashton*, 824 A.2d 1198, 1202 (Pa.Super. 2003).

Contempt is either civil or criminal in nature. *Commonwealth v. Moody*, 46 A.3d 765, 771 (Pa.Super. 2012).

> If the dominant purpose of the court is to prospectively coerce the contemnor into compliance with the court's directive, the adjudication is one of civil contempt. However, if the court's dominant purpose is to punish the contemnor for disobedience . . . , the adjudication is one of criminal contempt.

*Id.* at 771-772 (citations omitted). Criminal contempts are further subdivided into direct and indirect contempts. *Id.* at 772. Different procedural safeguards apply to direct and indirect criminal contempts. "A charge of indirect criminal contempt consists of a claim that a violation of an Order or Decree of court occurred outside the presence of the court." *Commonwealth v. Brumbaugh*, 932 A.2d 108, 109 (Pa.Super. 2007). Direct contempt, however, involves conduct occurring in the presence of a court. *Commonwealth v. Patterson*, 308 A.2d 90, 92 (Pa. 1973). Direct criminal contempt often requires immediate adjudication in the form of a summary hearing. A direct criminal contempt involves misconduct in the presence of the court, or so near to interfere with its immediate business. *Moody*, *supra* at 772.

At the outset, we note that in its opinions, the trial court states that appellant was convicted of indirect criminal contempt. (Trial court opinion, 10/28/13 at 2-3; trial court opinion, 2/8/13 at 2.) The court explains that "the offending conduct occurred in the presence of the court but the extent of the conduct was not immediately apparent to the court." (Trial court opinion, 2/8/13 at 11 n.8.) We disagree; the conduct at issue is more akin to direct criminal contempt as there is no dispute it occurred in the

courtroom and was alleged to have disrupted the proceedings. The case relied upon by the trial court actually supports our finding. ***See*** ***Commonwealth v. Falana***, 696 A.2d 126, 129 (Pa. 1997) ("when an individual makes a remark in the courtroom while the judge is physically present, he cannot avoid a conviction for contempt simply because the judge did not hear him speak the words in question").

The power to impose summary punishment for contempt is inherent in all courts, but is limited in this Commonwealth by 42 Pa.C.S.A. § 4132. Pursuant to Section 4132, the court has the power to issue attachments and to inflict summary punishments for contempt in the following circumstances:

> **§ 4132. Attachment and summary punishment for contempts**
>
> The power of the several courts of this Commonwealth to issue attachments and to impose summary punishments for contempts of court shall be restricted to the following cases:
>
> (1) The official misconduct of the officers of such courts respectively.
>
> (2) Disobedience or neglect by officers, parties, jurors or witnesses of or to the lawful process of the court.
>
> (3) The misbehavior of any person in the presence of the court, thereby obstructing the administration of justice.

42 Pa.C.S.A. § 4132.

Instantly, the trial court relied upon Section 4132(2) to determine appellant was in contempt. Appellant argues that this subsection does not

apply to him as he is not an officer, party, juror, or witness of or to the lawful process of the court. We agree; it is clear that the trial court erred in proceeding under Subsection (2) of the statute due to its inapplicability to appellant. None of the elements necessary under the judicial code were established. *See Commonwealth v. Pruitt*, 764 A.2d 569, 575 (Pa.Super. 2000).

The Commonwealth's brief suggests that the trial court's decision to find appellant guilty of Section 4132(2) was a mistake. (Commonwealth's brief at 5-6, 16.) The Commonwealth argues that the testimony was sufficient to establish the elements of contempt set forth in Subsection (3). We remind the Commonwealth that this court is not a fact-finding court and we may not revisit the notes of testimony to reshape the verdict. The only available remedy at this stage of the proceedings is to discharge appellant. In *Commonwealth v. Wagner*, 406 A.2d 1026, 1031 (Pa. 1979), the Pennsylvania Supreme Court specifically rejected the notion that an appellate court may refashion the conviction of a jury into one based on a lesser-included offense. That precedent applies equally here.

The Commonwealth also posits that the trial court's finding of guilt under Subsection (2) "was mere surplusage, having no effect on the sufficiency of the evidence." (Commonwealth's brief at 17.) Such an argument is disingenuous. The Judicial Code narrowly restricts the situations in which a court may inflict summary punishment for contempt.

42 Pa.C.S.A. § 4132; ***McMillan v. Mt. Laurel Racing, Inc.***, 356 A.2d 742 (Pa. 1976). "Each of these subsections is designed to reach a particular type of conduct." ***Commonwealth v. Garrison***, 386 A.2d 971, 977 (Pa. 1978).

Subsection (1) permits the court to compel its officers to perform their ministerial duties and to punish misconduct in the performance of any of the day-to-day functions necessary to the administration of justice. For example, sheriffs must serve process, court reporters must record and transcribe testimony, and prothonotaries must receive, date, and file documents. ***Matter of Johnson***, 359 A.2d 739, 741 (Pa. 1976).

Under Subsection (2), there must be a formal order directed to a specific person or group of persons, but the refusal to comply need not occur in the presence of the court. This subsection permits the court to compel compliance with formal court orders, and it means the parties must obey decrees and orders, witnesses must appear when subpoenaed, and jurors must present themselves when called.

> To support a finding of contempt under the second paragraph set forth in the Judicial Code, the following four elements must be established:
>
> (1) The [court's] order or decree must be definite, clear, specific and leave no doubt or uncertainty in the mind of the person to whom it was addressed of the conduct prohibited;
>
> (2) The contemnor must have had notice of the specific order or decree;

> > (3) The act constituting the violation must have been volitional; and
> >
> > (4) The contemnor must have acted with wrongful intent."
>
> ***Commonwealth v. Zacher***, 455 Pa.Super. 594, 689 A.2d 267, 269 (1997) (quoting ***Fenstamaker v. Fenstamaker***, 337 Pa.Super. 410, 487 A.2d 11, 14 (1985)). Moreover, "unless the evidence establishes an intentional disobedience or an intentional neglect of the lawful process of the court, no contempt has been proven." ***Ricci v. Geary***, 670 A.2d at 192.

***Pruitt***, ***supra***.

Misconduct occurring in or near the courtroom falls under Subsection (3), which provides the court with the power to ensure that cases will be heard in a manner conducive to a just and orderly resolution of the issues presented. ***Matter of Johnson***, ***supra***. "To sustain a conviction pursuant to section 4132(3) . . . it must be established beyond a reasonable doubt that Appellant (1) committed misconduct, (2) in the presence of the court, (3) with the intent to obstruct the proceedings, and (4) appellant's misconduct actually obstructed the administration of justice." ***Pruitt***, 764 A.2d at 575. Pivotal to summary contempt under 42 Pa.C.S.A. § 4132(3) is the presence of the judge; that is, the conduct must occur in front of and be observed by the judge personally. ***See Moody***, ***supra***.

It is undisputed that the court below intended to make and did make a finding of criminal contempt. However, the court proceeded under the wrong subsection. None of the four elements necessary under the

J. A20015/14

Judicial Code were established. **_Pruitt_**, **_supra_**. Nor is there any evidence of record that appellant was in the courtroom pursuant to any process. Rather, appellant was merely sitting in the courtroom as a spectator. The record before us does not support a conviction for criminal contempt under Subsection (2). Therefore, we must reverse appellant's conviction, and we must vacate his judgment of sentence.

Judgment of sentence vacated. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/11/2014

- 9 -