J-S87036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RAHEEM JONES | |
| Appellant | No. 643 MDA 2016 |

Appeal from the Judgment of Sentence March 16, 2016
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-MD-0000067-2016
CP-35-MD-0000097-2016
CP-35-MD-0000107-2016

BEFORE: LAZARUS, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.: **FILED FEBRUARY 22, 2017**

Raheem Jones appeals from the judgment of sentence entered in the Court of Common Pleas of Lackawanna County following his conviction for indirect criminal contempt.[1] Upon review, we affirm.

The trial court summarized the relevant facts as follows:

On October 13, 2015, the Honorable Judge [Margaret] Moyle issued a temporary [p]rotection from [a]buse (hereinafter "PFA") [o]rder against the Defendant, Raheem Jones[.] The protect[ed] party was [Jones'] former partner, Deborah Bohn, (hereinafter "Victim"). The Honorable Judge [Richard] Saxton entered a [f]inal PFA [o]rder on October 26, 2015, which expires on October 26, 2018. The PFA [o]rder stated [Jones] shall not

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 23 Pa.C.S. § 6114.

"abuse, harass, stalk or threaten" the Victim and prohibited him from having any contact with the Victim, either directly or indirectly.

On January 29, 2016, an [i]ndirect [c]riminal [c]ontempt [c]omplaint was filed under docket number 2016-MD-67 for one (1) count of contempt for violation of the PFA [o]rder for being present at the Victim's residence on January 1, 2016. On February 17, 2016, a second [i]ndirect [c]riminal [c]ontempt [c]omplaint was filed under docket number 2016-MD-97 for one (1) count of contempt for violation of the PFA [o]rder for [Jones] contacting the Victim, via telephone, on January 24, 2016. On February 19, 2016, a third [i]ndirect [c]riminal [c]ontempt [c]omplaint was filed under docket number 2016-MD-107 for forty (40) counts of contempt for violation of the PFA [o]rder, one (1) count for [Jones] being present at the Victim's residence on January 23, 2016 and thirty-nine (39) counts for [Jones] contacting the victim via telephone thirty-nine (39) times.

A hearing commenced on March 16, 2016[,] for forty-two (42) counts of indirect criminal contempt, where the Victim, her witnesses[,] Officer [Anthony] Gieda, Captain Robert McGuire, Officer [Carmen] Wega, and [Jones] and his witness[,] Officer [Juan] Baizan[,] provided oral testimony[.] Following testimony at the contempt hearing, [Jones] was found guilty of forty-two (42) counts of contempt.

[Jones] was ordered to serve six (6) months of incarceration at the Lackawanna County prison under [each of the three docket numbers, each sentence run consecutively to the others.] [Jones] was [also] placed on probation for a period of thirty-nine (39) months upon release from Lackawanna County prison. . . . It was further ordered that [Jones] is required to attend and complete the domestic violence intervention program upon release, have no contact with the Victim[,] and pay cost[s] and fees associated with the proceedings.

On March 22, 2016, [Jones] filed a [m]otion for [r]econsideration of [s]entence. This [c]ourt entered an [o]rder dated March 29, 2016[,] denying the [motion]. [Jones] then filed his [n]otice of [a]ppeal on April 18, 2016. The Superior Court issued an [o]rder dated May 28, 2016[,] remanding the

matter to the trial court to hold a **Grazier**[2] [h]earing. A **Grazier** hearing was held on June 18, 2016[, and an order was entered] dated June 20, 2016 granting [Jones'] request to proceed *pro se* and excus[ing] counsel of record from the matter.[3]

Trial Court Opinion, 6/30/16, at 1-3.

On appeal, Jones raises the following issues for our review:

1. Did the trial court commit legal error when it convicted and sentenced [Jones] on thirty-nine counts of indirect criminal contempt in violation of the double jeopardy clause of the United States Constitution?

2. Was not the evidence insufficient to find [Jones] guilty beyond a reasonable doubt on forty-two (42) counts of indirect criminal contempt?

3. Did the trial court abuse its [discretion] when it allowed hearsay documentary evidence into the proceedings that was not subjected to a hearsay exception?

4. Did counsel render ineffective [assistance] of counsel by failing to object to the court['s] jurisdiction over the person of the defendant when the trial court failed to timely schedule a PFA violation hearing on all charges pursuant to 23 Pa.C.S.A. § 6113(f) in violation of [Jones'] procedural due process of law rights?

_____

[2] **Commonwealth v. Grazier**, 393 A.2d 335 (Pa. 1978).

[3] The court entered an order directing Jones to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on April 28, 2016. Jones filed a timely *pro se* statement; counsel also filed a timely statement and timely amended statement. After the **Grazier** hearing on June 18, 2016, Jones filed an amended *pro se* Rule 1925(b) statement on June 23, 2016. The trial court's opinion pursuant to Pa.R.A.P. 1925(a) addresses each of the issues raised by counsel as well as the issues Jones has raised on appeal. On June 28, 2016, Jones filed a "Petition to Direct the Trial Court to File an Answer ([Rule] 1925(a) Statement) to Appellant's *Pro Se* Amended Concise Statement" in this Court. This application for relief is denied.

Brief for Appellant, at 6.

Jones first contends that the trial court erred by convicting him of 39 counts of indirect criminal contempt "where the alleged violations stemmed from [one] alleged violation of a single provision of a PFA [o]rder." Brief for Appellant, at 42. Jones asserts that the 39 counts included in the case at docket number 2016 MD 107, for separate phone calls Jones made to the Victim, should have been charged only as one incident of harassment. **See** 18 Pa.C.S. § 2709(a)(5)-(7) (certain forms of harassment involve repeated communication with victim). We note that Jones failed to preserve this argument for our review, since it was not raised in the court below. **See** Pa.R.A.P. 302(a) (issues not raised before trial court waived on appeal). Even if the issue were preserved, the plain language of the PFA order prohibits Jones from contacting the Victim. Each phone call was a separate contact in violation of the order. Moreover, the Commonwealth charged Jones only in relation to the 39 phone calls that the Victim answered out of 203 calls that were attempted. Accordingly, this issue is without merit.

In his second issue on appeal, Jones asserts that the evidence was insufficient to convict him of a total of 42 counts of indirect criminal contempt. In considering sufficiency of the evidence claims,

> we must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. . . . Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.

> Of course, the evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part or none of the evidence presented.

*Commonwealth v. Watley*, 81 A.3d 108, 113 (Pa. Super. 2013) (en banc). The Commonwealth can satisfy its burden via wholly circumstantial evidence. *Id.*

To establish indirect criminal contempt, the Commonwealth must prove the following:  1) the order was sufficiently definite, clear, and specific to the contemnor as to leave no doubt of the conduct prohibited; 2) the contemnor had notice of the order; 3) the act constituting the violation must have been volitional; and 4) the contemnor must have acted with wrongful intent.  *Commonwealth v. Walsh*, 36 A.3d 613, 619 (Pa. Super. 2012) (citation omitted).

> [W]hen reviewing a contempt conviction, much reliance is given to the discretion of the trial judge.  Accordingly, [the appellate court is] confined to a determination of whether the facts support the trial court decision.  We will reverse a trial court's determination only when there has been a plain abuse of discretion.

*Commonwealth v. Kolansky*, 800 A.2d 937, 939 (Pa. Super. 2002) (citations omitted).

Instantly, the language of the PFA Order clearly prohibited Jones from entering the Victim's residence and from contacting the Victim.  The record indicates that Jones was well aware of the PFA Order.  In the case at docket number 2016 MD 67, the Victim's testimony established that Jones entered her residence and assaulted her.  Thus, the elements of volitional action and

wrongful intent clearly are established with regard to that incident.  ***Walsh***, ***supra***.

In the case at docket number 2016 MD 107, Jones called the victim over 200 times and made contact with her 39 times from 4:30 a.m. to 11:30 a.m. on January 23, 2016.  In the case at docket number 2016 MD 97, Jones made a phone call from jail on January 24, 2016, in which he threatened the Victim and attempted to persuade her to drop charges against him.  The threats and sheer volume of telephone calls from Jones to the Victim establishes that Jones' actions were purposeful and ill-intentioned. ***Id.***

Next, Jones argues that the trial court abused its discretion by allowing hearsay documentary evidence to be admitted when it was not subject to a hearsay exception.  At the PFA contempt hearing, Jones' counsel objected to the admission of the Victim's telephone records on grounds that a proper foundation had not been laid.  However, a hearsay objection was not made at any point during the hearing.  Accordingly, this issue is waived. ***See*** Pa.R.A.P. 302(a).

Finally, Jones asserts that counsel rendered ineffective assistance of counsel by failing to object to the court's jurisdiction when the trial court failed to timely schedule a PFA violation hearing.  This claim fails because Jones raised a claim of ineffective assistance of counsel only after appealing

this matter to this Court[4] and, generally, such claims are to be brought in a petition pursuant to the Post Conviction Relief Act.[5]  ***See Commonwealth v. Grant***, 813 A.2d 726, 738 (Pa. 2002).  Moreover, this claim fails because Jones' hearing was timely scheduled pursuant to 23 Pa.C.S. § 6113(f).  The record reveals that Jones requested and received two continuances regarding the PFA contempt hearing; nevertheless, the hearing was initially scheduled within 10 days as required pursuant to the statute.  Accordingly, Jones' due process rights were not violated.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2017

---

[4] Because Jones' argument regarding ineffective assistance of counsel was not raised in the trial court, no argument was held, nor was a record created regarding counsel's alleged ineffectiveness.  Therefore, Jones' application for relief requesting a ***Bomar*** hearing is denied.  ***See Commonwealth v. Bomar***, 826 A.2d 831 (Pa. 2003) (exception to ***Grant***, ***supra***, carved out where claims of ineffective assistance of counsel properly raised and preserved in trial court and trial court conducted hearings on those claims and addressed such clams in its opinion).

[5] 42 Pa.C.S. §§ 9541-9546.