J-S33040-17

## NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| W.A.H., III, | : | |
| | : | |
| Appellant | : | No. 1516 MDA 2016 |

Appeal from the Judgment of Sentence July 14, 2016
in the Court of Common Pleas of Franklin County
Civil Division at No(s): 2015-190

BEFORE:    BENDER, P.J.E., OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:        **FILED AUGUST 01, 2017**

W.A.H., III (Appellant) appeals from the judgment of sentence entered

July 14, 2016, following his conviction for indirect criminal contempt of a

temporary Protection from Abuse (PFA) order.[1]  We affirm.

The trial court aptly set forth the relevant factual and procedural

history of this matter as follows.

> On January 14, 2015, [Appellant's] wife, [T.A.H.] filed a
> [PFA petition] seeking protection from [Appellant]. On January
> 15, 2015, the Honorable Carol L. Van Horn entered a temporary
> PFA order which prohibited [Appellant] from, *inter alia*, abusing,
> harassing or contacting [T.A.H.], and from contacting [Appellant]
> and [T.A.H.'s] children, [including the parties' daughter, G.H.,]
> pending the outcome of a final hearing on the matter. On
> February 5, 2015, Sergeant Matthew T. Cody of the
> Chambersburg Police Department filed a criminal complaint
> against [Appellant], alleging a violation of the temporary PFA

---

[1] 23 Pa.C.S. §§ 6101-6122.

*Retired Senior Judge assigned to the Superior Court.

order. On February 12, 2015, the Honorable Douglas W. Herman entered a final [PFA] Order. Following a hearing on March 12, 2015, the court determined that [Appellant had] violated the provisions of the temporary PFA Order entered against him by contacting [T.A.H.], and engaging in conduct which was harassing to her.

At [Appellant's] March 12, 2015 hearing, [T.A.H.'s] aunt, [M.B.], testified that [Appellant] sent an envelope with a letter enclosed to [M.B.'s] home, addressed to [M.B.] with attention to G.H., [Appellant] and [T.A.H.'s] daughter. [M.B.] testified that inside the envelope, in [Appellant's] handwriting, were the words "I love you very much, all you girls. I love your mother. Stop the hate." The envelope was admitted into evidence as Commonwealth's Exhibit 1. [M.B.] testified that she initially opened the envelope and read the letter and after reading it, informed G.H. to not read the letter. [M.B.] also testified that the letter enclosed in the envelope was two and one half pages long and dated January 28, 2015. The letter was admitted into evidence as Commonwealth's Exhibit 2. After [M.B.] testified, the Commonwealth requested that the court read the letter, Commonwealth's Exhibit 2, in its entirety.

In the letter, addressed [to] G.H., [Appellant] wrote that most, if not all, of [T.A.H.] and [Appellant's] arguments are because [T.A.H.] refuses to confront any wrongdoing against their family and [T.A.H.] refuses to tell the truth. [Appellant] called [T.A.H.] a severe hypocrite and two-faced. [In the letter, T.A.H.] is alleged to be a backstabber and [Appellant] further alleges that her communication skills are passive. He claimed that [T.A.H.] has a "nasty" habit of believing everything she hears and refuses to get to the facts. [T.A.H.'s] previous relationships were discussed; those before she and [Appellant] were married. [Appellant] alleged [T.A.H.] is playing the system because of her false/fabricated PFA statements and [indicated that] he has a lot of anger issues with [T.A.H.'s] manipulation and backstabbing. Hatred for [T.A.H.] was discussed, as [Appellant] stated that he hates [T.A.H.'s] actions and that [T.A.H.] and [Appellant] need counseling to fix their situation. He claimed that [T.A.H.] has walked away from him and from what has ["]unlawfully["] happened to [Appellant]. The letter concluded with, "I love all of you - I love your mother very much and I wish (pray to God) your mother realizes she's hurting

- 2 -

everyone with her passive/aggressive behavior. I pray for my wife (your mom) - I pray for ending stress/anger, I pray for healing, I pray for faith and love. I pray for myself to remove the anger and resentment your mother caused everyone."

By order of court dated March 12, 2015, [the court found Appellant in indirect criminal contempt of the temporary PFA order and Appellant's] sentencing hearing was scheduled for March 26, 2015. On March 26, 2015, counsel for [Appellant] requested a continuance to explore the possibility of filing a motion to have a mental health evaluation for [Appellant]. A stay of prosecution was entered on April 7, 2015 for all of [Appellant's] cases pending in Franklin County, including two criminal cases. On April 27, 2015, at the request of counsel for [Appellant] and without objection from the Commonwealth, the court ordered [Appellant] undergo a mental health evaluation, over [Appellant's] strenuous objection. At a hearing held December 8, 2015, pursuant to the Mental Health Procedures Act, the Honorable Carol L. Van Horn determined [Appellant] was incompetent to stand trial and ordered the stay of prosecution to continue until [Appellant's] incapacity was restored through treatment. By order of court dated May 20, 2016, the stay of prosecution was vacated and directed the case to be listed for sentencing. On June 7, 2016, the court ordered sentencing to be held on June 27, 2016. Sentencing was later deferred to July 14, 2016, because counsel for [Appellant] was never notified of [Appellant's] original sentencing date.

On July 14, 2016, [Appellant] was sentenced for the indirect criminal contempt conviction and ordered to pay a fine of $300.00, pursuant to 23 P[a].C.S.[] § 6114(b)(1)(i)(A), and to serve 180 days in the Franklin County Jail, with credit for 180 days of time served from February 5, 2015.

[Appellant], through [counsel], filed a notice of appeal on August 8, 2016. Thereafter, [Appellant's] actions caused a breakdown in the attorney-client relationship. New counsel was appointed and granted an extension of time within which to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). [Appellant's] concise statement was ultimately filed on November 11, 2016.

- 3 -

Trial Court Opinion, 12/13/2016, at 2-5 (citations to notes of testimony, footnotes, and unnecessary capitalization omitted).

Appellant argues that the evidence was insufficient to find him in contempt of the temporary PFA order. Appellant's Brief at 6. "When reviewing a contempt conviction ... we are confined to a determination of whether the facts support the trial court decision. We will reverse a trial court's determination only when there has been a plain abuse of discretion." ***Commonwealth v. Kolansky***, 800 A.2d 937, 939 (Pa. Super. 2002) (citations omitted). Further,

> Our standard of review in assessing whether sufficient evidence was presented to sustain Appellant's conviction is well-settled. The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [this] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and

> the weight of the evidence produced, is free to believe all, part or none of the evidence.
>
> ***Commonwealth v. Brumbaugh***, 932 A.2d 108, 109–10 (Pa. Super. 2007) (citations omitted). To establish indirect criminal contempt, the Commonwealth must prove: 1) the order was sufficiently definite, clear, and specific to the contemnor as to leave no doubt of the conduct prohibited; 2) the contemnor had notice of the order; 3) the act constituting the violation must have been volitional; and 4) the contemnor must have acted with wrongful intent. ***Id***. 932 A.2d at 110 (citation omitted).

***Commonwealth v. Walsh***, 36 A.3d 613, 618–19 (2012).

In his brief, Appellant concedes the first three prongs of the aforementioned test. Appellant's Brief at 14. Appellant focuses his argument on the fourth prong, arguing that the Commonwealth "failed to produce sufficient evidence to allow the trial court to conclude beyond a reasonable doubt that Appellant intended to communicate with [T.A.H.] through his letter to G.H." ***Id.*** The lower court addressed Appellant's argument as follows.

> Last, there is sufficient evidence to show that [Appellant] acted with wrongful intent by writing and sending a letter which contained references to and about [T.A.H.]. The temporary PFA order [entered] against [Appellant] specifically directed him not to have any contact of any type with [T.A.H.] and to refrain from harassing her. [Appellant] was directed to refrain from communicating to or about [T.A.H.] through [] third persons, including their children. [Appellant] mailed the envelope and letter to [M.B.'s] home address just fifteen (15) days after the temporary PFA order was issued. [Appellant] clearly acted with wrongful intent when he sent messages to a third party about [T.A.H.] in violation the temporary PFA order.

Trial Court Opinion, 12/13/2016, at 8-9 (unnecessary capitalization omitted).

We agree. Moreover, the temporary PFA order prohibited Appellant from, *inter alia*, having contact with T.A.H. **or any of the couple's children**, including G.H., pending the outcome of the final PFA hearing. Temporary PFA Order, 1/15/2015, ¶¶ 4, 14(b) and (c). Appellant concedes that he was aware of the strict no-contact provisions of the temporary PFA order; nonetheless, barely two weeks after the order took effect, he wrote a letter detailing his anger at T.A.H. and her perceived shortcomings which he then sent to M.B.'s residence, to the attention of the parties' daughter, G.H. There was a substantial certainty that the letter would be read by either G.H. or T.A.H.; thus, wrongful intent can be imputed. Accordingly, because we find no error in the court's determination that the Commonwealth met its burden of establishing that Appellant violated the temporary PFA order, we affirm the court's order holding him in indirect criminal contempt of the same.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/1/2017

- 6 -