J-S10007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROLLYN MALIG | |
| Appellant | No. 1052 EDA 2015 |

Appeal from the Judgment of Sentence March 17, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0005398-2015

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                **FILED JANUARY 27, 2016**

Appellant, Rollyn Malig, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following Appellant's conviction of criminal contempt for violation of a Protection from Abuse ("PFA") order.  We affirm.

The relevant facts and procedural history of this appeal are as follows. On January 5, 2015, the court entered a temporary PFA order against Appellant, which "restricted any and all contact" with the victim (Appellant's wife).  On February 6, 2015, Appellant deliberately sent two text messages to the victim.  After Appellant's wife did not respond to the text messages, Appellant reached out a third time by sending the victim an email on February 7, 2015.

_____

*Retired Senior Judge assigned to the Superior Court.

On March 17, 2015, the court found Appellant guilty of one count of contempt for violation of the PFA and sentenced Appellant to six (6) months' reporting probation, plus participation in an anger management program and a mental health assessment. Appellant timely filed a notice of appeal.[1] The court ordered Appellant on April 30, 2015, to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on May 15, 2015

Appellant raises the following issues for our review:

> DID THE TRIAL COURT ABUSE [ITS] DISCRETION IN FINDING APPELLANT GUILTY WHEN THE EVIDENCE WAS INSUFFICIENT FOR A FINDING OF WRONGFUL INTENT, ESPECIALLY WHERE THE TRIAL COURT DID NOT MAKE A FINDING OF WRONGFUL INTENT?
>
> DID THE TRIAL COURT COMMIT REVERSIBLE ERROR [WHEN] IT CONSIDERED AND RULED BASED UPON A FINDING THAT THE COMPLAINANT MIGHT BE FEARFUL, WHICH IS NOT AN ELEMENT OF INDIRECT CRIMINAL CONTEMPT?

(Appellant's Brief at 6).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Holly J. Ford, we conclude Appellant's issues merit no relief. The trial court's opinion comprehensively discusses and properly disposes of the questions presented. (**See** Trial Court Opinion, filed June 11, 2015, at 3-6) (finding:

---

[1] Appellant's notice of appeal was initially filed on March 24, 2015, in the Court of Common Pleas and later on April 7, 2015 with this Court.

Appellant deliberately contacted victim through text messages and email on three separate occasions, despite active PFA order prohibiting contact; text messages invited victim to meet with Appellant alone; at trial, Appellant failed to present evidence supporting her claim that she first contacted victim regarding their child's problems at school; court rejected Appellant's argument that her contact with victim was non-threatening, because neither aggression nor harassment are requirements for finding of indirect criminal contempt in this context, and no *de minimus* violation exception exists; Appellant acted intentionally and deliberately when she chose to send text messages and email directly to victim, violating PFA order; court rejected Appellant's claim that victim's fearfulness provided any basis for court's decision). Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/27/2016



FILED

JUN 1 1 2015

Criminal Appeals Unit
First Judicial District of PA

## IN THE COURT OF COMMON PLEAS
### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### DOMESTIC RELATIONS DIVISION

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY, PA |
| | : | Criminal Trial Division |
| | | |
| v. | : | Docket No. MC-51-CR-0005398-2015 |
| | | |
| Rollyn Malig, Appellant | : | NO. 1052 EDA 2015 |

## OPINION

The appellant, Rollyn Malig, appeals from the judgment entered on March 17, 2015 by

the Honorable Holly J. Ford finding her guilty of Contempt for Violation of a Protection from

Abuse Order under 23 Pa. C.S. § 6114.

### Statement of Facts

On February 6, 2015, Rollyn Malig (hereinafter "Appellant") deliberately sent her wife

and the complainant in this matter, Ksenia Gorbenko, a text message reading the following: "Can

we talk calmly with no other people involved, just us, with open minds and if possible no anger

or hate. Both listening and being given the chance to speak." (N.T. p.7, l.10-23; p.9, l.18-21.)

Ms. Gorbenko declined to respond as there were cross-Protection from Abuse orders in effect

prohibiting communication between the parties. (N.T. p.10, l.4-9.) Approximately twenty

minutes later, Appellant sent Ms. Gorbenko a second text: "I understand if you have any

hesitations but I hope you will think it over by yourself without any input from your friends.

You're the one I married not them. I hope you understand what I'm trying to say. This is

between you and me nobody else." (N.T. p.9, l.22 – p.10, l.3.) Again, Ms. Gorbenko did not

MC-51-CR-0005398-2015 Comm. v. Malig, Rollyn
Opinion



7306393291

1

reply. (N.T. p.10, 1.4-9.) On February 7, 2015, unanswered, Appellant reached out a third time and sent the following email:

> May we both heal in time, if our paths do not cross again I hope you find happiness and love wherever you go. We both knew we were different from the start perhaps the difference [*sic*] were glaring but we were blinded by love to see them and when the love wavered we were not prepared to hold on and all that consumed us was pain and hatred. I hope one day you piece all the puzzles together. I hope one day I'll finally stop loving you. I wanted to talk to you to tell you this myself but perhaps not seeing you is for the best. And for what it's worth, I'll never be whole again good bye, Ksenia.

(N.T. p.10, 1.20-24; p.12, 1.17 – p.13, 1.3.) At no time during trial did Appellant contest sending any of the aforesaid correspondence.

## Procedural History

On January 2, 2015, Master John O'Connor entered an emergency *ex parte* order of protection on behalf of Ksenia Gorbenko against Appellant, which was to remain in effect "until reviewed by a [j]udge of the Court of Common Pleas." Emergency Order 1412V8033, p.2. On January 5, 2015, the Honorable Ida Chen entered a temporary Protection from Abuse order (hereinafter "PFA") against Appellant, which restricted any and all contact with Ms. Gorbenko.[1] *See* PFA 1412V8033. The order provides, in pertinent part, that Appellant "is prohibited from having any contact with plaintiff...either directly or indirectly, at any location..." and became effective immediately "until otherwise modified or terminated by this Court after notice and hearing." PFA 1412V8033, P3, 8. At trial, counsel stipulated to the existence of Ms. Gorbenko's PFA Order against Appellant.[2] (N.T. p.17, 1.11 – p.18, 1.21.) Nothing in the order allows any exception for any type of contact. (*See* PFA 1412V8033.)

---

[1] On the same date, Judge Chen also granted Appellant a temporary protection order against Ms. Gorbenko (also 1412V8033).

2

After a bench trial on March 17, 2015, the Honorable Holly J. Ford found Appellant guilty of one count of Contempt for Violation of an Order or Agreement, 23 Pa. C.S. § 6114, and sentenced her to six months reporting probation, participation in an anger management program and a mental health assessment with treatment at the recommendation of the evaluator. On March 24, 2015, Appellant's Notice of Appeal was incorrectly filed with the Court of Common Pleas; the same was not properly filed with the Pennsylvania Superior Court until April 7, 2015. On April 30, 2015, this Court ordered Appellant to file a Statement of Errors Complained of on Appeal (hereinafter "Statement") pursuant to Pa. R.A.P. 1925(b). On May 15, 2015, Appellant filed her Statement, which contains the following two contentions:

1) The trial court abused its discretion as there was insufficient evidence to find that Appellant had wrongful intent.

2) The trial court committed reversible error by basing its decision on its finding that the complainant might be fearful, which is not an element of Indirect Criminal Contempt.

*See* 1925(b) Statement.

## Statement of Law and Analysis

When reviewing a contempt conviction, the appellate courts generally defer to the discretion of the trial judge. *Commonwealth v. Kolansky*, 800 A.2d 937, 939 (Pa. Super. 2002). Accordingly, the Superior Court is "confined to a determination of whether the facts support the trial court decision" and will reverse "only when there has been a plain abuse of discretion." *Id.*

In considering the sufficiency of the evidence to support a finding of criminal contempt for failure to comply with a court order, the Commonwealth must prove four elements beyond a reasonable doubt:

1) the order must be definite, clear, specific and leave no doubt or uncertainty in the mind of the person to whom it was addressed of the conduct prohibited;

2) the contemnor must have had notice of the specific order or decree,

3

3) the act constituting the violation must have been volitional, and

4) the contemnor must have acted with wrongful intent.

*Diamond v. Diamond*, 715 A.2d 1190, 1196 (Pa. Super. 1998). Furthermore, to support a conviction of contempt, it must be shown "that the alleged contemnor's failure to comply with the order was willful or at least reckless." *Id.*

In *Commonwealth v. Brumbaugh*, the trial court found the defendant in contempt for violation of a PFA for accompanying the complainant (an ex-girlfriend) to a party after she called him. 932 A.2d 108 (Pa.Super. 2007). The defendant, knowing he was to have no contact with the plaintiff under the order, nevertheless went to the party with her. *Id.* The Superior Court affirmed the trial court's holding that the defendant's violation was willful, pointing out the fact that "[h]e was not drugged, forced, or threatened. His clear intent was to be in contact with her notwithstanding the PFA Order." *Id.* at 111. The court further articulated that the appellant's act was "clearly volitional, or knowingly made, and wrongful intent can be imputed by virtue of the substantial certainty that by choosing to accept the victim's invitation to travel with her in the same vehicle to a party, he would be in contact with her in violation of the PFA Order." *Id.*

In the instant case, Appellant deliberately contacted Ms. Gorbenko on three separate occasions despite the active protection order prohibiting her from doing so. In direct contravention of the PFA, Appellant sent Ms. Gorbenko two text messages and one email; the text messages specifically invited the complainant to meet with Appellant. At trial, defense counsel asserted that Appellant first contacted Ms. Gorbenko "because of troubles her child was having at school." (N.T. p.29, 1.25 – p.30, 1.6.) However, no evidence whatsoever was presented at trial to support this claim. Counsel further argued that the contact constitutes a *de minimus*

4

and non-threatening violation of the PFA as "there is not a hint of aggression or a threat or any type of harassment." (N.T. p.30, l.7-16.)

Contrary to Appellant's assertion, neither aggression nor harassment are requirements for a finding of indirect criminal contempt, and no *de minimus* violation exception exists. As with the defendant in *Brumbaugh*, Appellant in the case at bar acted intentionally and deliberately, and there was a "substantial certainty" that by choosing to send text messages and an email directly to Ms. Gorbenko, in whatever manner, Appellant would be in violation of the PFA. Accordingly, this Court imputed the requisite wrongful intent. Based on the foregoing, the court did not abuse its discretion in finding Appellant in contempt.

Turning to Appellant's second argument, Appellant hollowly asserts that the court based its decision on its finding that the complainant in this case may have been fearful, but the record itself fails to support this claim. Although the court did note that "[t]he texts don't say anything threatening but the fact that you're [not] supposed to have any contact is in and of itself a threatening situation", it never made a specific finding as to Ms. Gorbenko's fearfulness and certainly did not use it as a basis for its judgment. (N.T. p.39, l.21-24.) In fact, the court characterized Appellant's numerous attempts to contact Ms. Gorbenko as "very conciliatory." Nevertheless, the law makes abundantly clear the fact that, regardless of the nature of the contact, it is wholly proscribed under the PFA order. (*See* N.T. p.40, l.1-13.) There is nothing in the record to substantiate Appellant's claim that the complainant's fearfulness provided any basis—let alone the sole basis—for the court's ruling.

5

## Conclusion

There is no legal or factual basis for Ms. Malig's appeal of the trial court's judgment of guilty entered on March 17, 2015. For the foregoing reasons, it is respectfully requested that the findings of the trial court be affirmed.

**BY THE COURT:**

**Dated: June 11, 2015**

HOLLY J. FORD                    J.

COPIES SENT
PURSUANT TO Pa.R.C.P. 236(b)

JUN 1 1 2015
FIRST JUDICIAL DISTRICT OF PA
USER I.D.:

6