J-S52042-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                         :              PENNSYLVANIA
                                         :

                        v.                        :
                                         :
                                       :

RASHAD HEARD                        :
                                       :

                   Appellant            :     No. 1517 EDA 2019

Appeal from the Judgment of Sentence Entered March 19, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): MC-51-MD-0000066-2019

BEFORE:    PANELLA, P.J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED DECEMBER 15, 2020**

Appellant, Rashad Heard, appeals from the judgment of sentence entered on March 19, 2019, after he was held in contempt by the Honorable Wendy L. Pew of the Philadelphia Municipal Court.[1] After a careful review, we affirm.

The relevant facts and procedural history are as follows: On March 19, 2019, Appellant, who was represented by counsel, proceeded to a preliminary

---

[*] Former Justice specially assigned to the Superior Court.

[1] A defendant can appeal from a Municipal Court contempt sentence directly to this Court as of matter of right. *See* 42 Pa.C.S.A. § 1123(a.1) ("There shall be a right to appeal to the Superior Court of a contempt citation issued by a municipal court judge, but the appeal shall be limited to a review of the record.").

hearing on two unrelated criminal cases.[2] After the Commonwealth presented its case and the defense rested, the Municipal Court held the two criminal cases for court and began to set an arraignment date when Appellant immediately stated, "No shit, bitch….Fuck this. Fuck you, bitch." N.T., 3/19/19, at 59.

The following relevant exchange then occurred:

> THE COURT: Sir, you're going to sit down.  You're going to sit down.
>
> [APPELLANT]: Fuck this, bitch.
>
> THE COURT: You're going to sit yourself right down.
>
> [APPELLANT]: Eat a dick, bitch.  I ain't going to sit down for nothing.
>
> THE COURT: Do you want to watch yourself sit down? Sheriff, he's going to sit in that chair.  And if the record can reflect I have been cursed out by [Appellant].
>
> [APPELLANT]: I don't give a fuck.
>
> THE COURT: And besides that, I saw the looks that the Assistant DA in the room received.  I am going to be finding you in contempt.  I guess we're going to need to have a hearing on this matter, unless you want to speak to him in the booth and we can do the hearing in a couple of hours when I'm done with the rest of the list.
>
> [DEFENSE COUNSEL]: I guess I want a chance to talk to him first, Your Honor.
>
> THE COURT: Okay.  So you can take the chance and talk to him in the booth.  We're going to do the other hearings that we have on our list today, and at the end of the day we'll address this issue.
>
> [APPELLANT]: Who gives a fuck?
>
> THE COURT: Just keep it up.  Keep it up.

---

[2] Appellant's two unrelated criminal matters are docketed in the lower court at MC-51-CR-0032526-2018 and MC-51-CR-0032527-2018.

[APPELLANT]: Dumb ass bitch.

(Whereupon, [Appellant] was removed from the courtroom by the sheriffs.)

THE COURT: So, counsel, you can check back with us in a couple of hours.  If you want to speak to him in the booth, we'll address the other hearings on our list and then I'll decide whether or not to have the hearing today or at some other time.  Okay?

[DEFENSE COUNSEL]: Thank you, Your Honor.  I'll step back.

(Whereupon, a short recess was taken.)

\*\*\*

THE COURT: And good afternoon.  And we are back for I guess we'll call it Part 2 of Cases 3 and 4.  As I was trying to explain to your client that he's being held for court [and I was setting an arraignment date], I never actually got the words out because he decided to have outbursts, calling me a whole host of different names.  He had exchanged dirty looks with the Assistant DA and acted completely inappropriately and unacceptable to me and to this entire criminal justice system.  You don't blurt things out whatsoever.

\*\*\*

[DEFENSE COUNSEL]: I just want to be heard very briefly, Your Honor.  I mean, obviously, it's a very emotional time.  It's a very stressful time.  I did speak with him.  He is remorseful.  He did apologize for the conduct.

Obviously, this is his first time.  He didn't know the rules of a preliminary hearing.  That is still something that's not always—it leaves people wanting; they don't get to hear more of what they want to hear about the story or present their side.  That's what led to his emotional outburst.

I don't think that—and I think you know, essentially that's what it was, a verbal outburst.  He did then calm down.  He did cooperate.  And he did eventually sit down.

I don't think this should necessarily lead to a level that would be a criminal conviction or require a sentencing.  I think it was really his emotions got the best of him at that moment.

THE COURT: Okay.  Well, he didn't really—I never saw him cooperate.  I never saw him remorseful. I never heard him apologize.  And the sheriff basically had to throw him into his seat.

- 3 -

> So I'm not really sure—unless we were at two different places, I
> didn't see anything that you're suggesting he did.

*Id.* at 60-63.

The Municipal Court found Appellant guilty of direct criminal contempt under 42 Pa.C.S.A. § 4132(2)[3] and immediately sentenced Appellant to 5 months and 29 days in prison. On March 29, 2019, Appellant filed a timely, counseled post-sentence motion.[4] Thereafter, the Municipal Court denied the post-sentence motion,[5] and this counseled appeal followed on May 14, 2019. All Pa.R.A.P. 1925(b) requirements have been met.

---

[3] During the March 19, 2019, proceedings, the Municipal Court did not specify under which subsection of 4132 it was convicting Appellant of contempt. However, the contempt citation and sentencing order specify the court convicted Appellant under Subsection 4132(2).

[4] The tenth day following the imposition of sentence was Friday, March 29, 2019, and thus, Appellant had until this date to file a timely post-sentence motion. *See* Pa.R.Crim.P. 720(a)(1). The post-sentence motion was not docketed until Monday, April 1, 2019; however, the motion bears a time-stamp indicating it was received and filed on Friday, March 29, 2019. Accordingly, we deem the post-sentence motion to have been timely filed on March 29, 2019. *See generally* Pa.R.Crim.P. 114(c)(2) (requiring docket entries to contain, *inter alia*, "the date of receipt in the clerk's office of the order or court notice"); Pa.R.Crim.P. 576 (stating that when a document for which filing is required "is received by the clerk of courts, the clerk shall stamp it with the date of receipt and make a docket entry reflecting the date of receipt, and promptly shall place the document in the criminal case file."); Pa.R.Crim.P. 113 (providing that docket entries in criminal cases must contain, *inter alia*, all information required by Rules 114 and 576).

[5] The Municipal Court's order denying Appellant's post-sentence motion was docketed on April 2, 2019; however, for reasons not explained by the record, the order is time-stamped as filed on May 14, 2019. Further, we note the

On appeal, Appellant contends the evidence is insufficient to sustain his conviction for direct criminal contempt under 42 Pa.C.S.A. § 4132(2).

Initially, we note that in **Commonwealth v. Jackson**, 532 A.2d 28 (Pa.Super. 1987), this Court set forth the standard of review of a trial court's contempt order:

> In considering an appeal from a contempt order, we place great reliance on the discretion of the trial judge. Each court is the exclusive judge of contempts against its process, and on appeal its actions will be reversed only when a plain abuse of discretion occurs. In cases of direct criminal contempt, that is, where the contumacious act is committed in the presence of the court and disrupts the administration of justice, an appellate court is confined to an examination of the record to determine if the facts support the trial court's decision.

---

certified docket entries contain no indication that the Municipal Court's order was served upon Appellant. "Pennsylvania Rule of Criminal Procedure 114(C)(2) provides that all orders and court notices must be docketed, and the docket must contain the date the clerk received the order, the date of the order, and the date and manner of service of the order or court notice." **Commonwealth v. Davis**, 867 A.2d 585, 586 (Pa.Super. 2005) (*en banc*). "The comment to this Rule suggests that the notice and recording procedures are mandatory and not modifiable." **Id.** at 587. Additionally, the order denying the post-sentence motions does not contain notice to Appellant of the right to appeal or the time limits within which the appeal must be filed. Pa.R.Crim.P. 720(B)(4)(a). This Court has held the failure to comply with Rule 720(B)(4)(a) constitutes a breakdown that excuses an appellant's untimely filing of a notice of appeal. **See Commonwealth v. Patterson**, 940 A.2d 493 (Pa.Super. 2007) ("[T]he trial court's failure to comply with Rule 720 constitutes a breakdown that excuses the untimely filing of Appellant's notice of appeal. While Appellant did receive proper notification of his post-sentence and appellate rights at the time of sentencing, we will not deem partial compliance with the rules sufficient."). Accordingly, based on the aforementioned, to the extent Appellant's appeal was untimely filed, we shall overlook the untimeliness.

*Id.* at 31-32 (citations omitted).

Courts have the inherent power to summarily punish those before them of criminal contempt of court, but this power is limited in this Commonwealth by 42 Pa.C.S.A. § 4132, which provides, in relevant part, as follows:

> **§ 4132. Attachment and summary punishment for contempts.**
>
> The power of the several courts of this Commonwealth to issue attachments and to impose summary punishments for contempts of court shall be restricted to the following cases:
>
> ***
>
> (2) Disobedience or neglect by officers, parties, jurors or witnesses of or to the lawful process of the court.
>
> ***

42 Pa.C.S.A. § 4132(2) (bold in original).

A finding of contempt under Subsection 4132(2) can be sustained only if the following four elements are present:

> (1) The court's order or decree must be definite, clear, specific and leave no doubt or uncertainty in the mind of the person to whom it was addressed of the conduct prohibited;
>
> (2) The contemnor must have had notice of the specific order or decree.
>
> (3) The act constituting the violation must have been volitional; and
>
> (4) The contemnor must have acted with wrongful intent.
>
> Further, unless the evidence establishes an intentional disobedience or an intentional neglect of the lawful process of the court, no contempt has been proven. Moreover, a conviction for criminal contempt requires proof beyond a reasonable doubt.

*Commonwealth v. Kolansky*, 800 A.2d 937, 940 (Pa.Super. 2002) (quotation, quotation marks, and citations omitted).

- 6 -

We conclude Appellant's conviction for contempt under Subsection 4132(2) is supported by the record beyond a reasonable doubt. ***Kolansky***, ***supra***.

During Appellant's preliminary hearing on unrelated criminal matters, as the Municipal Court was holding the charges for court and attempting to set an arraignment date, Appellant directed several vulgar statements to the judge.  In response, Judge Pew twice verbally ordered Appellant to sit in his chair as his outburst was disrupting the court proceedings.  ***See Estate of Baehr***, 596 A.2d 803 (Pa.Super. 1991) (affirming contempt when the appellant refused to comply with the trial court's verbal order).  Judge Pew's verbal orders were clear, specific, and provided Appellant with notice of what the judge was requiring him to do.  ***See Kolansky***, ***supra***.  Further, inasmuch as Judge Pew directed her orders at Appellant in an effort to curb his vulgar outburst and disruption of court proceedings, we conclude the orders implicated the "lawful process of the court."  42 Pa.C.S.A. § 4132(2).

Despite Judge Pew's clear and specific orders, Appellant refused to sit and, instead, directed several more vulgar statements to the judge.  Judge Pew noted for the record that Appellant did not sit until the sheriff forcibly placed Appellant in the chair, and still, Appellant continued disrupting the proceedings by directing vulgar language at the judge.  Accordingly, the record supports the conclusion that Appellant's violation of the verbal orders was volitional and done with wrongful intent.  ***See id.***; ***Commonwealth v.***

*Collier*, 510 A.2d 796, 797 (Pa.Super. 1986) ("A contemnor acts with wrongful intent if he knows or should reasonably be aware that his conduct is wrongful.") (quotation marks and quotation omitted)).

Simply put, Appellant's intentional disobedience of the Municipal Court's clear and specific orders is supported, beyond a reasonable doubt, by the record, and thus, the court did not abuse its discretion in holding Appellant in contempt under Subsection 4132(2). Accordingly, we affirm.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/15/2020