J-A19029-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                      : PENNSYLVANIA
                                                      :

               v.                                :
                                                      :

JOHN J. MCMAHON                     :
                                                   :

         Appellant              : No. 1237 MDA 2023

Appeal from the Judgment of Sentence Entered August 28, 2023
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-MD-0002081-2023

BEFORE:   PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LANE, J.:            **FILED NOVEMBER 12, 2024**

John T. McMahon ("McMahon") appeals from the judgment of sentence imposed following his conviction for contempt of court.[1] We vacate the judgment of sentence and reverse the conviction.

The relevant factual and procedural history underlying this appeal is as follows. McMahon is a criminal defense attorney licensed to practice law in Pennsylvania. In approximately 2019, McMahon's wife of forty years was diagnosed with endometrial cancer, which required several surgeries and necessitated radiation and chemotherapy. In early August 2023, McMahon's wife was admitted to the Fox Chase Cancer Center on an emergency basis after her cancer tumor began causing severe pain and bowel problems. At

---

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 42 Pa.C.S.A. § 4132(2).

that time, McMahon's office staff requested and received continuances from state and federal judges in twelve different pending matters. On August 21, 2023, McMahon again accompanied his wife to the hospital. Two days later, on August 23, 2023, McMahon's wife was readmitted to the hospital and surgery was scheduled for August 28, 2023. McMahon's office staff requested and received continuances in eight pending matters.

McMahon was scheduled to appear for three criminal cases on the call of the list in York County to be conducted by Honorable Harry Ness on Thursday, August 24, 2023. Two of the cases involved non-homicide matters assigned to Honorable Amber Craft (the ***Palm*** case) and Honorable Kathleen Prendergast (the ***Handy*** case), respectively. McMahon's office staff requested and received continuances in those cases from Judge Craft and Judge Prendergast. The third case (the ***Ramirez*** case) involved a homicide matter before Judge Ness for which McMahon had negotiated a guilty plea agreement with the District Attorney's office.

On August 23, 2023, the day his wife was readmitted to the hospital, McMahon's office staff contacted Judge Ness's chambers to explain the situation with his wife, and to request that the call of the list for the three matters be rescheduled. Judge Ness responded by email, acknowledging that McMahon would be absent from the call of the list on August 24, 2023, but declined to postpone the ***Ramirez*** case set for a plea hearing on August 28, 2023.

On August 24, 2023, at the call of the list proceeding, Judge Ness purportedly issued three rule to show cause orders and scheduled three rule to show cause hearings for August 28, 2023. **See** N.T., 8/28/23, at 1-2.

On August 25, 2023, McMahon sent a letter to Judge Ness regarding the situation with his wife, and her complications with her ongoing battle with cancer. On Sunday, August 27, 2023, McMahon sent an email to Judge Ness' chambers explaining that his wife was having surgery the following day, and that due to the scheduled surgery, he would not be able to appear in court. McMahon then arranged a video conference with Mr. Ramirez and obtained his informed consent to be represented at the plea hearing by substitute counsel.

On August 28, 2023, McMahon's wife underwent surgery. McMahon did not appear in court for the **Ramirez** plea hearing. However, substitute counsel appeared, met with Mr. Ramirez prior to the hearing, reviewed the plea colloquy with him, and represented him during the plea proceedings prior to the acceptance of the plea by Judge Ness.

Judge Ness then conducted a contempt hearing and found McMahon guilty of criminal contempt in *absentia*, imposed a fine of $1,500, assessed the transport fees of the criminal defendants to be transported to court again due to McMahon's absence, and ordered that all time was chargeable to the defense in two of the criminal cases for purposes of Pa.R.Crim.P. 600. McMahon did not file a post-sentence motion. However, he filed a timely notice of appeal, and both he and the trial court complied with Pa.R.A.P. 1925.

McMahon raises the following issues for our review:

1. Whether lower court violated . . . McMahon's due process of law by not providing him any of the inherent safeguards of criminal proceeding, *i.e.*, time to prepare a defense, time to hire counsel and a legitimate opportunity to present such a defense in a court of law?

2. Whether the lower court's finding [McMahon] guilty beyond a reasonable doubt of direct criminal contempt was supported by the evidence when . . . McMahon clearly demonstrated no willful intent to impede the lawful process of the court and acted with no wrongful intent.

3. Whether . . . McMahon's conviction under . . . subsection [4132](2) can stand when he was acting as a lawyer at the time of the alleged contemptuous conduct and our case law, and rules of statutory construction establishes lawyers are not officers under the statute.

McMahon's Brief at unnumbered 3 (unnecessary capitalization omitted, numbering added, issues reordered for ease of disposition).

Our standard of review is as follows:

> [I]n considering an appeal from a contempt order, we place great reliance on the discretion of the trial judge. Each court is the exclusive judge of contempts against its process, and on appeal its actions will be reversed only when a plain abuse of discretion occurs. In cases of direct criminal contempt, that is, where the contumacious act is committed in the presence of the court and disrupts the administration of justice, an appellate court is confined to an examination of the record to determine if the facts support the trial court's decision.

***Commonwealth v. Jackson***, 532 A.2d 28, 31-32 (Pa. Super. 1987) (internal citations omitted). In making this examination: "we must evaluate the entire record and consider all evidence actually received." ***Commonwealth v. Falana***, 161, 696 A.2d 126, 128 (Pa. 1997) (citation omitted).

A court's power to find an individual in criminal contempt is conferred by section 4132 of the Judiciary Code, which provides in relevant part:

> The power of the several courts of this Commonwealth to issue attachments and to impose summary punishments for contempts of court shall be restricted to the following cases:
>
> * * *
>
> (2) Disobedience or neglect by officers, parties, jurors or witnesses of or to the lawful process of the court.

42 Pa.C.S.A. § 4132(2).

A finding of contempt pursuant to subsection 4132(2) must be supported by the following four elements:

> (1) The [court's] order or decree must be definite, clear, specific and leave no doubt or uncertainty in the mind of the person to whom it was addressed of the conduct prohibited;
>
> (2) The contemnor must have had notice of the specific order or decree;
>
> (3) The act constituting the violation must have been volitional; and
>
> (4) The contemnor must have acted with wrongful intent.

***Commonwealth v. Kolansky***, 800 A.2d 937, 940 (Pa. Super. 2002) (citation omitted). Further, unless the evidence establishes an intentional disobedience or an intentional neglect of the lawful process of the court, no contempt has been proven. ***See id***. Moreover, a conviction for criminal contempt requires proof beyond a reasonable doubt. ***See id***.

In his first two issues, McMahon contends, *inter alia*, that he was not afforded notice of the rules to show cause and that the evidence does not support a finding of direct criminal contempt.

Here, the record contains no evidence of a definite, clear, or specific order or decree requiring McMahon to appear at the rule to show cause proceedings. **See Kolansky**, 800 A.2d at 940. Although the trial court indicates that it issued three separate rules to show cause, none are contained in the certified record. Moreover, the docket contains no reference to any rule to show cause and bears no indication or notation that the rules were docketed or served on McMahon. **See** Pa.R.Crim.P. 114(C)(2) (providing that all orders and court notices must be docketed, and the docket must contain the date the clerk received the order, the date of the order, and the date and manner of service of the order or court notice); **see also Commonwealth v. Davis**, 867 A.2d 585, 586 (Pa. Super. 2005) (*en banc*) (noting that the comment to Rule 114(C)(2) suggests that the notice and recording procedures are mandatory and not modifiable).

Based on these omissions from the certified record, we are constrained to conclude that the record does not support the trial court's contempt ruling. **See Jackson**, 532 A.2d at 31-32. Without any rule to show cause order in the record, this Court is unable to determine the scope of the orders, the matters raised in the orders, or whether the orders were definite, clear, and

specific as to the conduct prohibited.[2] *See Kolansky*, 800 A.2d at 940.

Moreover, the absence of any indication in the record that McMahon was

served with a copy of the rule to show cause orders leaves unresolved the

question of whether McMahon had notice of the specific order and the specific

conduct prohibited. *See id*. To be sure, without any rule to show cause order,

this Court is unable to determine whether there was either a wrongful intent

_____

[2] Notably, at the contempt hearing, the trial court initially indicated that the rule to show cause orders were issued in relation to the *Palm*, *Handy*, and *Ramirez* cases. *See* N.T., 8/28/23, at 1-2. However, the trial court later stated that it did not issue a rule to show cause order in relation to the *Ramirez* case. *See id*. at 3. Moreover, despite its initial comments regarding the matters encompassed by the rule to show cause orders, the trial court nevertheless indicated that it found McMahon in contempt for his prior failures to file a motion for continuance in unrelated cases, stating "I do find Attorney McMahon again in contempt for . . . every occasion for failing to request a continuance." *Id*. at 4.

or a violation.[3]  **See id**.[4]  Accordingly, we vacate the judgment of sentence and reverse the conviction for direct criminal contempt.

Judgment of sentence vacated, conviction reversed.  Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/12/2024

---

[3] We note that certain decisions issued by our appellate courts suggest strongly that an attorney's failure to appear at a scheduled court proceeding is not *per se* grounds for a finding of contempt where other circumstances justify or explain the attorney's absence.  **See In re Bernhart**, 461 A.2d 1232, 1233 (Pa. 1983) (holding that when an attorney notified a court administrator that he had to appear in court in another county, his failure to appear was not contempt because he did not have the intent to disobey an order requiring him to be available); **see also Matter of Ring**, 424 A.2d 1255 (Pa. 1981) (holding that an attorney with conflicting in-court commitments, who timely notifies one court of his inability to meet his commitment there, cannot be held in direct criminal contempt); **Commonwealth v. Debose**, 833 A.2d 147, 150 (Pa. Super. 2003) (holding that when an attorney had conflicting in-court commitments and provided timely and sufficient notice to the trial court, there was no willful intent sufficient to support a contempt finding); **Ricci v. Geary**, 670 A.2d 190 (Pa. Super. 1996) (holding that when there is no proof that an attorney either had notice of his expected appearance in court on a specified date or that the attorney's failure to appear in court was an intentional or willful disregard of the lawful process of the trial court, no contempt conviction will stand).

[4] Given our disposition, we need not consider McMahon's remaining issue.